```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
```

UNITED STATES OF AMERICA   )   CASE.NO. 00-0647-CR-ZLOCH
                           )   Magistrate Judge SELTZER
                           )
v.                         )
                           )
JAMES BOOKER, et al.,      )
                           )
     Defendant.            )

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  Attached, please find a copy of any written statements made by the defendant John Goetz.

    Audio recordings of statements made by the defendants can be obtained by making arrangements with undersigned counsel. Specifically, these tapes can be reviewed at the discovery conference as set forth below.

    Enclosed, please find copies of certain transcripts of audio tapes which contain recordings of conversations had by the defendants booker, Arhcie and Boks.

2.  The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

3.  No defendant testified before the Grand Jury.

4. The NCIC record of defendants, if any exists, will be made available upon receipt by this office.

   The NCIC record of the defendants Earnest Archie and Jarrod Knight are attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd. Ft. Lauderdale, FL Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for **March 27, 2000 at 10:00 A.M. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.** These documents include various telephone records and photographs.

   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. In fact, the telephone records described above are **not** attached because of their volume, they are available for inspection at the discovery conference or sooner if requested by counsel.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

   A laboratory analysis report regarding the cocaine and marijuana in connection with this case is attached. Other reports will be provided when obtained by this office. Certain of charged loads of controlled substances were determined by field test and observation only in that they have been destroyed after their routine seizure. The details concerning this will be provided at the scheduled discovery conference.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of

2

Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). However, the government is seeking a protective order concerning the timing of the disclosure.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. However, the government is seeking a protective order concerning the timing of the disclosure.

F. Certain defendants were identified in a six-person photo spread. A copy of the photo spread are attached hereto. The initials of the particular witness making the identification have been removed in light of the government's motion for protective order.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specifically, the government will introduce evidence that defendant James Booker was involved in other importations not

3

charged as substantive acts but which were part of the conspiracy. We provide this notice out of an abundance of caution and consider the below listed conduct as part of the conspiracy. These loads include but are not limited to the following: approximately 200 kilograms of cocaine imported on or about July 27, 1997; approximately 100 kilograms of cocaine imported on or about October 16, 1997. Booker was also involved in importing large marijuana loads through the Port of Miami. Sean Dixon was involved in other narcotics loads including the importation of approximately 100 kilograms of cocaine on or about October 16, 1997. Further please find enclosed various records related to the arrest of Jarrod Knight in Georgia. It is the government's position that the facts underlying the arrest relate to the charged conspiracy. The government specifically states that intends to introduce other importations not specifically listed as evidence of the conspiracy charged in the indictment.

I. The defendants Booker, Archie and Boks are aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. A copy of the affidavit in support of electronic surveillance is attached to the copy provided to defense counsel. **All defense counsel are hereby placed on notice that this Affidavit is still under seal.** The aforementioned persons were not listed as named interceptees because they had not been identified at the time the order was entered.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

4

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

A latent fingerprint found on [describe item] has been identified as that of the defendant. A copy of the latent fingerprint will be made available upon request to the undersigned.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate

5

time, date, and place of the offense was as set forth in the indictment.

                                                Respectfully submitted,

                                                THOMAS E. SCOTT
                                                UNITED STATES ATTORNEY

By:      /s/ Michael J. Dittoe
              MICHAEL J. DITTOE
              Assistant United States Attorney
              A.5500209
              500 East Broward Blvd.
              Ft. Lauderdale, Fl. 33394
              Tel: (954) 356-7255
              Fax: (954) 356-7230

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this Government's Response to the Standing Discovery Order was mailed this 20th day of March, 2000 to:

1. Daryl Wilcox, Esq, AFPD
   101 N.E. 3rd Ave. Suite 202
   Ft. Lauderdale, Fl. 33301

2. Joel D. Robrish, Esq.
   One Datran Center, Suite 400
   9100 South Dadeland Blvd.
   Miami, Florida 33156

3. Israel Encinosa, Esq.
   2250 S.W. 3rd Ave. Suite 206
   Miami, Florida 33129

4. Harold Keef, Esq.
   19220 Oakmont Dr.
   Hialeah Fl. 33015

5. Philip Horowitz, Esq.
   12651 South Dixie Highway
   Suite 328
   Miami, Fl. 33156

6. Ruben Garcia
   1209 Southeast 3rd Ave.
   Ft. Lauderdale, Fl. 33316

*/s/ Michael J. Dittoe*
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY