UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6047-CR-ZLOCH
MAGISTRATE JUDGE SELZTER

UNITED STATES OF AMERICA,

              Plaintiff,

v.

JAMES BOOKER, et al.,

              Defendants.

_____/

## APPEAL FROM MAGISTRATE JUDGE SELTZER'S ORDER DENYING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER TO DEFER COMPLIANCE WITH PARAGRAPHS D AND E OF THE STANDING DISCOVERY ORDER

The United States of America, through its undersigned attorney, appeals from Magistrate Judge Seltzer's Order of April 10, 2000 denying the Government's Motion to Defer Compliance with Paragraphs D and E of the Standing Discovery Order. This appeal is taken in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Magistrate Rule 4.

I    INTRODUCTION

Rule 16(d)(1), Fed. R. Crim. P., permits the court to deny, restrict, or defer pre-trial discovery upon sufficient showing by a party of need for such action. The Rule provides as follows:

    (d)  Regulation of Discovery.

        (1)  Protection and Modifying Orders. Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such order as is appropriate. Upon motion by a party, the court may permit the



party to make such showing, in whole, or
in part, in the form of a written statement to
be inspected by the judge alone.  If the court
enters an order granting relief following such
an ex parte showing, the entire text of the
party's statement shall be sealed and preserved
in the record of the court to be made available
to the appellate court in the event of an appeal.

The government wishes to defer compliance paragraphs "D" and
"E" of the Standing Discovery Order.  Those paragraphs provide that
the following material must be supplied to defense counsel within
14 days following the defendant's arraignment:

> D.    The government shall disclose to the
> defendant the existence of any payment,
> promises of immunity, leniency,
> preferential treatment, or other
> inducements made to prospective
> government witnesses, within the
> scope of United States v. Giglio,
> 405 U.S. 150 (1972) and Napue v.
> Illinois, 360 U.S. 264.
>
> E.    The government shall supply the defendant
> with a record of prior convictions of any
> alleged informant who will testify for the
> government at trial.

The United States requests a delay in requiring its compliance

with the aforementioned discovery provisions because the disclosure

of the items in paragraphs D and E would alert the defendants as to

the identity of key government witnesses, thereby, creating a

serious risk of retaliation against those witnesses.  Accordingly,

in accord with the below cited cases and the common practice in

this district, see, e.g.. United States v. Aiken, 76 F. Supp. 2d

1339, 1342-1344 (S.D. Fla. 1999; J., Gold) (collecting cases), the

United States moves this Court to defer compliance with Sections D and E of the standing discovery order until the commencement of trial or until five days before the anticipated start of trail once the order of trial has been determined at the calendar call of the case.[1]

II    FACTS

The defendants are charged in a multi-count indictment with smuggling narcotics into the United States through Port Everglades. Specifically, the indictment alleges that large quantities of cocaine and marijuana were smuggled into the United States through various maritime shipping companies at Port Everglades.   The conspiracy was responsible for smuggling more than 1,000 kilograms of cocaine and 10,000 pounds of marijuana.[2]  The defendants used their positions as dock workers to facilitate the smuggling of the drugs into the United States.  Consequently, the defendants face considerable prison sentences in the event of conviction.

---

[1]    The United States, in the pre-trial detention hearing, already disclosed that Cecil McCleod, who is incarcerated, is a government witness.  However, there are other government witnesses who are either not incarcerated or whose families could be placed in danger if their identities are disclosed before trial.  The United States, of course, will disclose the Giglio and related information in so far as it related to McCleod.

[2]    Of course not all defendants were involved in all importations.  Thus, the amount of controlled substances reasonably foreseeable by any particular defendant under the United States Sentencing Guidelines may vary.

Conversations intercepted pursuant to court orders indicate a propensity toward violent actions by members of the conspiracy. For example, in a conversation with Cecil McCleod (now an incarcerated cooperating witness) about a drug dispute between Booker and another drug dealer Defendant Booker stated that "I could have taken everybody out in one meeting." (Ex. 2 at p. 10). Later in the conversation Booker again stated, "You know what I'm saying? I could I could, uh, (UI) taken everybody out." (Ex. 2 at P. 11). Booker further remarked that, "I told you what I did. I put it up, put in up in the motherf------, eliminate the motherf------. This being you gotta do what you gotta do. I'm going to take care of my business. Plus that ni---- put me out there, me and my men and my family." (Ex. 2 at p. 11).

Moreover, the government's evidence will indicate that defendant Sean Dixon is one of Booker's men mentioned in the above conversation. In a search incident to a lawful arrest, law enforcement officers discovered a loaded pistol in a closet in Dixon's bedroom. Two additional magazines were also discovered near the weapon.

In addition a government witness has expressed fear for his/her family based on the witnesses association with Booker. According to the witness Booker has indicated in the past that his associates would be available to collect drug debts owed to members of the organization. The witness believes that Booker would also

4

undertake violence to retaliate against person who testified at trial.

III  LEGAL ARGUMENT

Although the disclosing of government benefits and other impeachment information is constitutionally mandated, the timing of such disclosures is not. Neither Giglio, supra, nor Napue, supra, nor in other cases, has the Supreme Court stated when such disclosures must be made.

The courts that have considered the question have consistently held that impeachment materials, such as those covered by the Court's Standing Discovery Order, need not be disclosed to the defense prior to trial. As a consequence, District Courts in the Southern District of Florida do delay compliance with paragraphs D and E of the standing discovery order in appropriate cases based on the possibility of retaliation against witnesses. United States v. Aiken, 76 F. Supp. 2d 1339, 1342-1344 (S.D. Fla. 1999; J., Gold) (collecting cases). See also, United States v. O'Neill, 767 F.2d 780, 783-84 (11th Cir. 1985) (failure to disclose witness' agreement with prosecution for his testimony was not grounds for reversal where the information was disclosed during the trial before the jury); United States v. Darwin, 757 F.2d 1193, 1201 (11th Cir.), cert. denied, 106 S.Ct. 106 (1985) (No prejudice found where government's disclosure of Brady material made after witness had testified and defendant could have recalled the witness for further

5

questioning); <u>United States v. Kipituk</u>, 690 F.2d 1289, 1341 (11th Cir. 1982), <u>cert. denied</u>, 461 U.S. 928 (1983) (Defendants not deprived fair trial where there was a mere delay in the transmittal of <u>Brady</u> materials and defendants were able to effectively utilize the information); <u>United States v. Abrams</u>, 539 F. Supp. 378, 390 (S.D.N.Y.) (1982) ("<u>Brady</u>...does not require the government to disclose information pertaining to the credibility of witnesses before that witness testifies").

In this case, the government has presented specific evidence of a defendant's stated intent to retaliate against a rival drug dealer.  It is not a logical leap to conclude that persons with pre-dispositions for violence pose a grave risk of retaliating against government witnesses.  Indeed, a presently undisclosed government witness, has expressed a fear that Booker will retaliate against his/her family.  Moreover, this retaliation may occur even though the defendant himself is incarcerated.  As noted above, Booker indicated that he had persons in his group who were placed at risk by a rival drug importer.  Some of these persons have not yet been identified.  There is a real danger that retaliation will occur against government witnesses and their families.

IV    <u>CONCLUSION</u>

Consequently, in order to protect government witnesses and the integrity of the judicial process, a protective order should be

entered deferring compliance with paragraphs D and E of the standing discovery order.

WHEREFORE, for the above-stated reasons, the United States moves this Court to reverse Magistrate Judge Seltzer's Order and defer compliance with Sections D and E of the standing discovery order until the commencement of trial, or, alternatively, defer compliance until five days before the anticipated start of trial once the order of trial has been determined at the calendar call of the case.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _Michael J. Dittoe_

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing

was delivered by United States mail April 19, 2000 to:

Gary I. Rosenberg, Esq.
Adorno & Zedar, P.A.
2601 S. Bayshore Drive
Suite 1600
Miami, FL 33133
For defendant Booker

Joel D. Robrish, Esq.
One Datran Center
Suite 400
9100 S. Dadeland Blvd.
Miami, FL 33156
For defendant Knight

Scott Sakin, Esq.
1411 N.W. N. River Drive
Miami, Fl 33125
For defendant Dixon

Harold Keefe, Esq.
19220 Oakmont Drive
Hialeah, FL 33015
For defendant Boks

Philip Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156

Ruben Garcia, Esq.
1209 S.E. 3rd Avenue
Ft. Lauderdale, FL 33316

MICHAEL J. DITTOE
Assistant United States Attorney

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

UNITED STATES OF AMERICA,     )          CASE NO. 00-6047-CR-ZLOCH
                              )          Magistrate Judge Seltzer
              Plaintiff,      )
v.                            )
                              )
JAMES BOOKER, et al.,         )
                              )
              Defendants.     )
_____      )

## ORDER

**THIS MATTER** is before the Court on the Motion of the United States for Protective Order to Defer Compliance with Paragraphs D and E of the Standing Discovery Order and the Motion to Compel Compliance filed by Defendant James Booker. This Court has reviewed the Motions and all other pertinent matters in the file.

**ACCORDINGLY**, this Court orders that the Motion of the United States for Protective Order to Defer Compliance with Paragraphs D and E of the Standing Discovery Order is **DENIED** and the Motion to Compel Compliance filed by Defendant James Booker is **GRANTED**. The United States shall have ten (10) days after being served with this Order within which to appeal. This Order is hereby stayed pending resolution by the District Court.

DONE AND ORDERED, in Chambers, at Fort Lauderdale, Florida, this 10th day of April, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

cc: Honorable William J. Zloch
    Counsel on attached list



Michael J. Dittoe, Esq. - AUSA
Gary Rosenberg, Esq.
Joel D. Robrish, Esq.
Scott Sakin, Esq.
Harold Keefe, Esq.
Philip Horowitz, Esq.
Ruben Garcia, Esq.

## G & L TRANSCRIPTION SERVICES, Inc.
### 2151 WEST HILLSBORO BOULEVARD, SUITE 210
### DEERFIELD BEACH, FL 33442
### Ph: (561) 998-1981    FAX: (561) 241-3619

**CASE #:**                          GS-97-0147

**TAPE #:**                          N26B   (Call # 214)

**DATE (of recording):**             05-25-97

**TIME (of recording):**             10:06

**PARTICIPANTS:**                    Cecil McCleod; James Booker

**Abbreviations:**

**Unintelligible (UI)**

**Phonetic (PH)**

**Translator comments and Tape count [ ]**

| Participant. | Conversation |
|---|---|
| | [ PHONE SPEED-DIALING ] |
| C. McCLEOD | What's up, y'all? (UI) good morning. |
| J. BOOKER | Good morning, (UI). |

1



G & L TRANSCRIPTION SERVICES, Inc.
DEERFIELD BEACH   FLORIDA 33442

2151 West Hillsboro Boulevard, Suite 210
Ph: (561) 998-1981   ●   Fax: (561) 241-2619

[ STATIC BURST ]

C. McCLEOD         You alright?

J. BOOKER          Yeah, yeah.

C. McCLEOD         This is working out.  It's, it's just a lot of confusion with (UI) that
                   thing.  You know them same characters that was with you.

J. BOOKER          Yeah.

C. McCLEOD         With that last situation, they, they were behind my whole thing.

J. BOOKER          I figured that.

C. McCLEOD         They been clowning like a bitch, man.

J. BOOKER          Yeah?

C. McCLEOD         It i've knew [sic.] it was those motherfuckers, you might uh, (UI)
                   been that shit.

J. BOOKER          It was... it was them coming through your boy, uh?

C. McCLEOD         Yeah.  You know what I'm saying?

J. BOOKER          Yeah., yeah, 'cause they, they asked me last week.  (UI) you
                   know what they asked me?

2

G & L TRANSCRIPTION SERVICES, Inc.
DEERFIELD BEACH  FLORIDA  33442

2151 West Hillsboro Boulevard,  Suite 210
Ph: (561) 998-1981  •  Fax: (561) 241-3619

| C. McCLEOD | Nah huh. |
| J. BOOKER | I, I, uh, I told 'em we can't do nothin'. |
| C. McCLEOD | Uh huh. |
| J. BOOKER | You know what I'm saying? |
| C. McCLEOD | Right. |
| J. BOOKER | Hold on a second, hold on a second.  I... hold on, hold on a second. |
| | [ STATIC BURST, BACKGROUND RINGING, TO TAPE  -  007] |
| C. McCLEOD | Yeah. |
| J. BOOKER | Yeah, yeah. |
| C. McCLEOD | I don't know why them niggers are so full of games, (UI). |
| J. BOOKER | Yeah, you know what I'm saying? |
| C. McCLEOD | All the motherfuckin' time. |
| J. BOOKER | But, but... they came through your boy. |
| C. McCLEOD | Yeah. |

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard,  Suite 210
DEERFIELD BEACH   FLORIDA   33442              Ph: (561) 998-1981   •   Fax: (561) 241-3619

J. BOOKER I, I, uh, you know, I thought I recognized one of the motherfuckeers when,,, and uh, uh, I could've sworn this mother (UI) probbaly didn't want me to go.

C. McCLEOD Uhh?

J. BOOKER I was, uh, I don't think they wanted me to go.

C. McCLEOD That ain't got nothing to do with them.

J. BOOKER No, but uh, (UI) tomorrow, man. " I see ya' later, I see you later. Uh, uh I check it tomorrow, dog."

C. McCLEOD Who said that?

J. BOOKER Sealand Yard, Shakey.

C. McCLEOD Oh yeah?

J. BOOKER Uhh?

C. McCLEOD Who said that?

J. BOOKER Shakey.

C. McCLEOD Shakey ain't got nothing to do with that.

J. BOOKER Uh, I, I know that. I was just telling what, what the motherfucker was saying when I was there, you know.  (UI).

4

G & L TRANSCRIPTION SERVICES, Inc.                    2151 West Hillsboro Boulevard,  Suite 210
DEERFIELD BEACH   FLORIDA   33442                    Ph: (561) 998-1981  •  Fax: (561) 241-3619

C. McCLEOD          Oh, yeah.

J. BOOKER           I figured, it was him, you know, (UI) order, right?

C. McCLEOD          Yeah, 'cause I told my boy, in the first place.

J. BOOKER           For see, I didn't know, I didn't know you, (UI) true colors.

C. McCLEOD          Uh huh.

J. BOOKER           If I knew that, I would've (UI) and put "Chino" (PH) with them.

C. McCLEOD          Yeah, yeah.

J. BOOKER           I, you know, I didn't know.

C. McCLEOD          Uh huh.

J. BOOKER           I figured they made me know, 'cause I uh, I don't want them
                    niggers didn't know nothing 'bout me, you know what I'm
                    saying?

C. McCLEOD          Yeah, I understand that, dog.

J. BOOKER           (UI) half the port know what went down.

C. McCLEOD          Right.  That was a spur of the moment thing.  You boy couldn't
                    get off, (UI) they send a man back to the boat, you know what
                    I'm saying?

5

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981   ●   Fax: (561) 241-3619

| | |
|---|---|
| J. BOOKER | (UI), though. |
| C. McCLEOD | Huh? |
| J. BOOKER | (UI) I was out, me and... |
| C. McCLEOD | I know what you were saying, but he was your boy. |
| J. BOOKER | Yeah.  But I, I wouldn't worry about that, though. |
| C. McCLEOD | Well, what I'm saying... |
| J. BOOKER | I wouldn't do (UI). |
| C. McCLEOD | ... people, people who I wanted I couldn't get. |
| J. BOOKER | Yeah.  Right, right. |
| C. McCLEOD | "Ha-", "Hawk" was down there, on the other end. |
| J. BOOKER | Uh, I, uh... you know what?  I saw "Hawk" too, when I was sitting there , when , when I was sitting at "Lester's". |
| C. McCLEOD | Yeah. |
| J. BOOKER | I (UI) to "Hawk", why don't you catch this girl, you just call her and see how it's packed." |
| C. McCLEOD | Yeah, yeah. |

6

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard,  Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981  ●  Fax: (561) 241-3619

[ TAPE COUNT - 019 ]

J. BOOKER          You uh, you know what I'm saying?

C. McCLEOD          Uh huh.

J. BOOKER          And uh, and uh, I started to (UI), you know, to see (UI) back at
"Lester's".  And I beeped you in Bimini.

C. McCLEOD          I lost two (2) people real quick, "Hawk" and "Red".  You know
what I'm saying?

J. BOOKER          I'll, I'll beep you quick.

C. McCLEOD          That I had to replace.  And then when I got back, they, they,
say you  had (UI), I said "Bill" (PH).

[ STATIC PEAK.  CONVERSATION IS LOST MOMENTARILY]

J. BOOKER          Hello!

[STATIC BURST.  PHONE DIALING, TO TAPE COUNT  - 024 ]

**[ END OF CONVERSATION ]**

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442              Ph: (561) 998-1981  •  Fax: (561) 241-3619

## [ NEW CONVERSATION. TAPE COUNT - 026 ]

C. McCLEOD        Yeah.

J. BOOKER         That was it.

C. McCLEOD        Uh huh.

J. BOOKER         You hold on.  I figured that what it was...

C. McCLEOD        Uh huh.

J. BOOKER         ... I probably should have hung up, but, uh, (UI). (UI) that
                  motherfucker (UI) God damn it, you know, (UI)...

C. McCLEOD        Uh huh.

J. BOOKER         ... damned, he looked familiar.

C. McCLEOD        Yeah, yeah.

J. BOOKER         But then I, you, I ain't (UI). I  play ball, (UI).

C. McCLEOD        Yeah.

J. BOOKER         I'm just at the ballfield, you know what I'm saying?  So the
                  nigger was chilling over there.

C. McCLEOD        Uh huh.

8

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442              Ph: (561) 998-1981   •   Fax: (561) 241-3619

| | |
|---|---|
| J. BOOKER | 'Cause I didn't want those niggers start holding a conversation with me.  I didn't want to talk to they'all. |
| C. McCLEOD | Uh huh. |
| J. BOOKER | I figured... you know what?  I figurred, I, I missed (UI) that thing he was, holding and the motherfucker sneaking in, though the (UI) once I saw him, you know. |
| C. McCLEOD | Oh shit! |
| J. BOOKER | 'Cause he thought it was you who that straightened it up. |
| C. McCLEOD | Uh huh. |
| J. BOOKER | That's what he told me. |
| C. McCLEOD | Who? |
| J. BOOKER | See, my people don't want straightening this thing out. |
| C. McCLEOD | Whose people? |
| J. BOOKER | "Shakey." |
| C. McCLEOD | "Shake" said what? |
| J. BOOKER | That my people don't want to straighten this thing out.  I got something to work this (UI).  Don't worry about it. |

9

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  ●  Fax: (561) 241-3619

C. McCLEOD          Some shit like that.

J. BOOKER          (UI) my answer to that.  But he, him and his people were the
                    ones that straightened this thing out.

C. McCLEOD          You're right.

J. BOOKER          He asid, "No big deal."

C. McCLEOD          Uh?

J. BOOKER          Otherwise (UI) no big deal who was straightening it out.  We
                    were the ones who need to know whether he did it or stop
                    bullshitting.

C. McCLEOD          Yeah.

J. BOOKER          You know what I'm saying?  "Cause we, we'll make, we'll make
                    motherfucking trouble.

C. McCLEOD          Yeah.

J. BOOKER          I could've gotten mine all in one meeting.  You know what I'm
                    saying?

C. McCLEOD          Say that again.

J. BOOKER          I uh, I could have taken everybody out in one meeting.

10

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  •  Fax: (561) 241-3619

C. McCLEOD          Yeah.

J. BOOKER          You know what I'm saying?  I could, I, uh, I (UI) taken everybody out.

C. McCLEOD          Uhuh.

J. BOOKER          Uh, I, I and they (UI) me, not to tell you about (UI).  But it's just that everything worked out, I couldn't (UI).

C. McCLEOD          Uhm huh.

J. BOOKER          And that was (UI).  You know, you... see, I was (UI) told you I wasn't taking any more shit.

C. McCLEOD          Uh huh.

J. BOOKER          That was it, man, that was it.  I, I was stressed out.  My family was stretched to the end, man.

C. McCLEOD          I, you know, I knew we were in a motherfucking situation.  I knew that.

J. BOOKER          I told you what I did.  I put it up, put in up in the (UI) motherfuckers, eliminate the motherfuckers. This being you gotta do what you gotta do.  I'm gonna take care of my business.  Plus that nigger put me out there, me and my men and my family.

11

G & L TRANSCRIPTION SERVICES, Inc.                    2151 West Hillsboro Boulevard,  Suite 210
DEERFIELD BEACH  FLORIDA  33442                    Ph: (561) 998-1981  •  Fax: (561) 241-3619

[ TAPE COUNT -  043 ]

C. McCLEOD          Uhuh.

J. BOOKER           You understand what I'm saying?

C. McCLEOD          Uh huh.

J. BOOKER           It's the, the old, old law (UI) for me and you talk in person.

C. McCLEOD          Uh huh.

J. BOOKER           Why (UI) going to let you go.    I could (UI) set right now.

C. McCLEOD          Whenever I get straight, but I ain't straight yet.

J. BOOKER           (UI) I figger that when you said the same people, then I knew
                    they probably want most of that.

C. McCLEOD          Yeah.

J. BOOKER           [OVERLAPS]  (UI).

C. McCLEOD          I don't know what they're (UI) how are they tryinng niggers like
                    this.

J. BOOKER           Hey, they ain't trying me like (UI).  They know they (UI) they
                    really dead, You know what I'm saying?

12

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard,  Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981   ●   Fax: (561) 241-3619

C. McCLEOD          You know what I'm saying?  [LAUGHS]

J. BOOKER          Hey now, that, that, that  can't be what I said.  They gotten paid
                   little by little, you know what I'm saying?

C. McCLEOD          Uh huh.

J. BOOKER          Hold on a second, (UI).

                   [ BURST OF LOUD NOISES.  TAPE COUNT  -  048 ]

C. McCLEOD          Yeah.  Uh huh.

J. BOOKER          I was, uh, you don't think it would be through today?

C. McCLEOD          What was that?

J. BOOKER          That, you think it would be through, before the (UI)?

C. McCLEOD          Uh, i don't know.  i'm gonna go back.  As soon as i get up i'm
                   gonna go right back to (UI).

J. BOOKER          Oh, you send word again?

C. McCLEOD          Yeah.

J. BOOKER          Oh, you still up there today.

C. McCLEOD          Oh, again.  We came in at, uh, quarter to six (5:45).

13

J. BOOKER          With a small crew?

C. McCLEOD          Uh, yeah, only ten (10) or so.

J. BOOKER          Yeah, (UI).

C. McCLEOD          Uhuh.

J. BOOKER          (UI).

C. McCLEOD          That shit, (UI).  I told the men, "Look it, those characters", my
                    man."

J. BOOKER          Yeah.

C. McCLEOD          "Had them", my man.

J. BOOKER          I, uh, (UI), you know I told them this (UI). He knows that I can
                    give my (UI).

C. McCLEOD          Huh?

J. BOOKER          I figure, I figure they'll will come again.

C. McCLEOD          Uh huh.

J. BOOKER          (UI) tell them to watch out.

C. McCLEOD          Uh huh.

14

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981   ●   Fax: (561) 241-3619

| | |
|---|---|
| J. BOOKER | 'Cause they will come, I know they going to come 'cause they (UI) nothing back from you boy. |
| C. McCLEOD | Uh huh. |
| J. BOOKER | And they, they need just to bring (UI) to make a hit. |
| C. McCLEOD | I heard they knocked his mama's door down. |
| J. BOOKER | Yeah.  Uh... |
| C. McCLEOD | I thought they just came and knock, and they (UI) kick it down. |
| J. BOOKER | I know. |
| C. McCLEOD | Yeah, |
| J. BOOKER | (UI). |
| C. McCLEOD | Yeah, yeah. . |
| J. BOOKER | That way them boys ain't talking all rough. |
| C. McCLEOD | Uh uh. |
| J. BOOKER | You know what I'm sayin'? |
| C. McCLEOD | Uh uh. |

15

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  ●  Fax: (561) 241-3619

J. BOOKER          (UI) Evie (PH) talked to him on the phone.  But the (UI) my woman telling me.  That means you blow smoke up my ass. The good thing is I just kept it to myself.  You know what I'm saying?

C. McCLEOD          Uh huh.

J. BOOKER          I, ih, I was just feeling you out.  I know what you're doing, trying to smile at my face.  And laughing, (UI) even put me out there...

C. McCLEOD          Uh huh.

J. BOOKER          ... you know what I'm saying?  'Cause you know, right now, you (UI) you part of the family.

C. McCLEOD          (UI).

J. BOOKER          You was a part of (UI).

C. McCLEOD          Yeah?

J. BOOKER          Yeah.  And I know, one don't move without the other.

C. McCLEOD          Uhuh.

J. BOOKER          You know that.

C. McCLEOD          Yeah.

16

G & L TRANSCRIPTION SERVICES, Inc.      2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH FLORIDA 33442      Ph: (561) 998-1981 ● Fax: (561) 241-3619

J. BOOKER      That (UI).

C. McCLEOD      (UI).

J. BOOKER      I uh, I want, I'm gonna do a little bit. (UI) I was selling the other for a couple, alright?

C. McCLEOD      Say that again.

J. BOOKER      I'm gonna put some shit together. I'm just waiting on you.

C. McCLEOD      Uhhm...

J. BOOKER      Okay?

C. McCLEOD      Hold on, uh, let me, hold on. Let me see what's going on.

J. BOOKER      No, uh, no, I know that.

C. McCLEOD      You talking 'bout something new.

J. BOOKER      Something to clear, something, I, uh, I was trying to help you right now. I don't understand(UI) once you cleared.

C. McCLEOD      Okay. I'd (UI).

J. BOOKER      I'm, I'm, uh, (UI) this shit right now.

[ TAPE COUNT - 067 ]

17

G & L TRANSCRIPTION SERVICES, Inc.                    2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442              Ph: (561) 998-1981   •   Fax: (561) 241-3619

C. McCLEOD          Okay, I hear you, I hear you.

J. BOOKER           Two hundred (200) (UI) for the, uh, for the next six, seven (6, 7)

                    hours I'll be lining it up, so (UI) for you.

C. McCLEOD          Okay.

J. BOOKER           Before I say (UI).

C. McCLEOD          Okay.

J. BOOKER           Awright.

C. McCLEOD          Alright

                    [ SOUND OF SPEED-DIALING.  TAPE COUNT  -  069 ]

                    [ **END OF RECORDING** ]